EULRICH et al., Appellants,

v.

WEAVER BROTHERS, INC., Appellee.

[Cite as *Eulrich v. Weaver Bros., Inc.,* 165 Ohio App.3d 313, 2005-Ohio-5891.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–04–35.

Decided Nov. 7, 2005.

Richard E. Siferd and Peter K. Desomma, for appellant.

Thomas P. Whelley II and Christopher M. Brown, for appellee.

Bryant, Judge.

{¶ 1} The plaintiffs-appellants, Eldon and Charlotte Eulrich, appeal from the judgment of the Logan County Common Pleas Court granting summary judgment in favor of the defendant-appellee, Weaver Brothers, Inc. ("Weaver").

{¶ 2} The Eulrichs own property and a residence located in West Mansfield, Logan County, Ohio, which they purchased in 1982. After a fire destroyed their home in 1987, the Eulrichs constructed a new residence on the same property. Located approximately one half mile to the west of the Eulrich property is an egg farm, known as Heartland Quality Egg Farms ("Heartland"), which produces eggs, chicken manure, and egg rinse water for sale. Between 1985 and 1995, Weaver and a partner owned Heartland, and in 1995, Weaver bought out its partner and gained sole ownership. Weaver then applied for, and was granted, agricultural-district status from the Logan County Auditor.

{¶ 3} Since 1995, Weaver has renovated Heartland and added several poultry houses, so that the facility now houses approximately one million chickens. Heartland sells the chicken manure as fertilizer to local farmers, who are responsible for spreading the manure on their property and abiding by governing law. The excess egg rinse water is pumped into a lagoon and then onto a neighboring farm for use as fertilizer.

{¶ 4} The Eulrichs claim that as a result of Heartland's operations, their property has been exposed to excessive flies, beetles, odor, dust, feathers, other noxious odors and material, and spores containing histoplasmosis. The Eulrichs also claim that Heartland's operations have polluted the ground water. The Eulrichs claim that due to these conditions, they have suffered the loss and quiet enjoyment of their property, as well as a loss in market value.

{¶ 5} On May 30, 2003, the Eulrichs filed a complaint against Weaver alleging two claims of nuisance, two claims of negligence, and one claim of trespass. The Eulrichs sought a permanent injunction to prevent further nuisance and trespass to their land and damages in excess of $25,000. On June 27, 2003, Weaver filed its answer and affirmative defenses in response to the Eulrichs' complaint. On February 25, 2004, the Eulrichs filed a supplemental complaint, adding a claim for loss of consortium on behalf of Charlotte Eulrich. Weaver failed to file an amended or supplemental answer, but filed a motion for summary judgment on May 14, 2004. The Eulrichs filed a response to the motion on June 2, 2004, and on August 4, 2004, the trial court granted summary judgment in favor of Weaver on the issues of nuisance and negligence and denied summary judgment on the issues of trespass and loss of consortium. On August 24, 2004, the Eulrichs

waived their claims against Weaver, except the claim for trespass, which was tried to the court. On September 2, 2004, the trial court entered judgment in favor of Weaver as to the trespass claim.

{¶ 6} The Eulrichs appeal the portion of the trial court's August 4, 2004 judgment, which granted summary judgment on the nuisance claims to Weaver. The Eulrichs assert the following assignments of error:

The trial court erred in granting summary judgment on an affirmative defense that was never pled.

The trial court erred in granting summary judgment on the basis of a statute which was enacted after appellants purchased their land and which had the effect of depriving them of an interest in their property to the benefit of an adjoining land owner.

The trial court erred in granting summary judgment on the basis that appellee was protected from nuisance suits by a statute which required appellee to file for an exemption as an agricultural district and such filing was not done until appellants had lived in their home for nearly 15 years.

{¶ 7} We begin by noting that a summary judgment is reviewed under the de novo standard of review. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Thus, a summary judgment will be affirmed only when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C).

{¶ 8} The moving party may file its motion for summary judgment "with or without supporting affidavits." Civ.R. 56(A). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Once the moving party demonstrates that it is entitled to summary judgment, the burden shifts to the nonmoving party to show why summary judgment is inappropriate. See Civ.R. 56(E). If the nonmovant fails to respond, or fails to support its response with evidence of the kind required by Civ.R. 56(C), the court may enter summary judgment in favor of the moving party. Civ.R. 56(E). Otherwise, summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138.

{¶ 9} In their first assignment of error, the Eulrichs contend that immunity under R.C. 929.04 is an affirmative defense that must be pleaded in Weaver's responsive pleading and that its failure to do so has waived the defense. Weaver argues that R.C. 929.04 is a complete defense to liability, which is equivalent to the defense found in Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, and may be raised as late as trial. We cannot agree with Weaver.

{¶ 10} Civ.R. 12(B) states:

Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted.* * *. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.

{¶ 11} In ruling on a Civ.R. 12(B)(6) motion, the trial court must accept all allegations set forth in the complaint as true. *Greeley v. Miami Valley Maint. Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981. In order to grant the motion to dismiss, " 'it must appear beyond doubt *from the complaint* that the plaintiff can prove no set of facts entitling him to recovery.' " (Emphasis added.) Id. at 230, 551 N.E.2d 981, quoting *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.3d 2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. By converting a Civ.R. 12(B)(6) motion to a motion for summary judgment, the trial court may consider matters outside the complaint. However, the staff notes to Civ.R. 12(B) state:

[T]he procedure [for converting a 12(B)(6) motion to a Rule 56 motion] is optional with the court, and presumably in most situations a court should exclude matters outside the pleadings thereby making it necessary for defendant to move formally for summary judgment under Rule 56 in order to present matters outside the pleadings.

{¶ 12} In this case, the Eulrichs filed their complaint, which clearly included two claims for nuisance, and Weaver filed an answer, which failed to set forth the immunity defense provided under R.C. 929.04. After the Eulrichs filed their amended complaint, Weaver failed to file a responsive pleading. Instead, Weaver filed a motion for summary judgment and asserted R.C. 929.04 as a defense approximately two months after the amended complaint was filed. This case presents the scenario envisioned in the staff notes to Civ.R. 12(B) in that Weaver failed to file an amended answer or motion to dismiss based on Civ.R. 12(B), but instead formally filed a motion for summary judgment. The problem with filing

the motion for summary judgment is that Ohio law prohibits a defendant from asserting an affirmative defense for the first time in a motion for summary judgment. *Carmen v. Link* (3d Dist.1997), 119 Ohio App.3d 244, 250, 695 N.E.2d 28.

{¶ 13} Civ.R. 8(C) governs the pleading of affirmative defenses and states, "In pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense." The Ohio Supreme Court has interpreted Civ.R. 8(C) in dicta and noted,

> While the word "shall" indicates the firmness of this pleading requirement, Civ.R. 8 does not state a time period within which an affirmative defense must be pleaded or the effect of failing to plead an affirmative defense. However, it is clear that some sort of concept of "waiver" is embodied in the requirement of Civ.R. 8(C) that a party "shall" raise any affirmative defenses in his answer.

*Carmen*, 119 Ohio App.3d at 250, 695 N.E.2d 28, quoting *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 3–4, 12 OBR 1, 465 N.E.2d 377. There are only three methods to assert an affirmative defense: a prepleading Civ.R. 12(B) motion to dismiss, a responsive pleading filed under Civ.R. 8(C), or amendment pursuant to Civ.R. 15. Id., citing *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 69 O.O.2d 350, 320 N.E.2d 668, syllabus. In this case, Weaver failed to raise the R.C. 929.04 defense in its initial answer under Civ.R. 8(C), it failed to file any amended responsive pleading under Civ.R. 15(A), and it failed to file a formal Civ.R. 12(B) motion for dismissal. Therefore, Weaver has failed to properly assert the affirmative defense set forth in R.C. 929.04.

{¶ 14} As a final matter, we note that the above analysis applies only if the immunity provided by R.C. 929.04 is an affirmative defense. We find that the statute does provide an affirmative defense rather than a complete defense. R.C. 929.04 states:

> In a civil action for nuisances involving agricultural activities, it is a complete defense if:
>
> (A) The agricultural activities were conducted within an agricultural district;
>
> (B) Agricultural activities were established within the agricultural district prior to the plaintiff's activities or interest on which the action is based;
>
> (C) The plaintiff was not involved in agricultural production; and
>
> (D) The agricultural activities were not in conflict with federal, state, and local laws and rules relating to the alleged nuisance or were conducted in accordance with generally accepted agricultural practices.

Weaver argues that the statute clearly provides a complete defense that need not be pleaded or proven and relies on our decision in *Harmon v. Adams,* 3d Dist. No. 14–01–27, 2002-Ohio-2103, 2002 WL 987914. However, in *Harmon,* we did

not say that R.C. 929.04 is not an affirmative defense. We noted, "The extension of this complete defense to qualified entities is essentially a legislative determination that conduct falling within the purview of the statute, regardless of its frequency or intensity, is not a nuisance as a matter of law." Id., at ¶ 22. While the statute does provide a complete defense, the defendant must show compliance with the statute before benefiting from those defenses and immunities.

{¶ 15} The Ohio Supreme Court has defined an affirmative defense as

a new matter which, assuming the complaint to be true, constitutes a defense to it. "An affirmative is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the 'confession') but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the 'avoidance')."

*State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187, quoting 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1988) 33, T 13.03. In this case, assuming the allegations in the Eulrichs' complaint to be true, Weaver would be protected if it could show that it has satisfied the provisions in the statute. Clearly, R.C. 929.04 provides an affirmative defense against nuisance actions to qualified agricultural districts. This result is consistent with our holding in *Harmon*, which did not address the issue presented in this case.

{¶ 16} The Ohio Supreme Court has long held that "[a]ffirmative defenses other that those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings." *Jim's Steak House, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18, 21, 688 N.E.2d 506, citing Civ.R. 8 and 15. See, also, *Mossing v. Dye*, 3d Dist. No. 13–02–13, 2002-Ohio-4689, 2002 WL 31006140, at ¶ 9. Weaver failed to assert immunity under R.C. 929.04 in its answer. Weaver also failed to file an amended responsive pleading and improperly brought its defense for the first time in a motion for summary judgment. Therefore, Weaver has waived the affirmative defense provided by R.C. 929.04. The first assignment of error is sustained.

{¶ 17} This court having sustained appellant's first assignment of error, the remaining assignments of error are moot. The judgment of the Logan County Common Pleas Court is reversed, and this cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

CUPP, P.J., and ROGERS, J., concur.