{¶ 54} I respectfully dissent from the majority opinion.
 {¶ 55} As an initial matter, I would find appellees are not entitled to summary judgment under the immunity provisions of R.C. 2305.51 and R.C. 2305.51 for the following reasons.
 {¶ 56} The majority opinion states "immunity is generally regarded as an affirmative defense." I concur that statutory immunity is an affirmative defense; however, if the affirmative defense is not raised in a timely fashion, it is waived. Turner v. Central Local SchoolDistrict, 85 Ohio St.3d 95, 706 N.E.2d 1261, 1999-Ohio-207.
 {¶ 57} Civ. R. 8(C) provides, "In pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense." The Ohio Supreme Court has stated there are only three methods to assert an affirmative defense: a prepleading Civ.R. 12(B) motion to dismiss, a responsive pleading filed under Civ. R. 8(C), or amendment pursuant to Civ.R. 15. Mills v.Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55, 320 N.E.2d 668. See also, Eulrich v. Weaver Brothers, Inc., 165 Ohio App.3d 313,846 N.E.2d 542, 2005-Ohio-5891, citing Carmen v. Link (1997), 119 Ohio App.3d 244,695 N.E.2d 28 (improper for defendant to raise issue of statutory immunity for the first time in summary judgment motion).
 {¶ 58} Here, the family of Tristan Johnson, a 21-year-old man who suffered from schizoaffective disorder, sued Drs. Patel and Mercy Medical Center for negligently failing to properly provide psychiatric treatment to Tristan prior to and during his involuntary hospital admission in August, 2003. Timely answers were filed by Drs. Patel and Mercy Medical Center, none of whom raised the affirmative defense of statutory *Page 14 
immunity. Then, after all experts were in place and discovery virtually completed, appellees raise the issue of statutory immunity in motions for summary judgment. The motions were filed over a year after the institution of the lawsuit and a few months before trial.
 {¶ 59} Based upon these facts, I would find appellees waived the affirmative defense of statutory immunity. Therefore, the trial court erred in granting summary judgment on immunity grounds.
 {¶ 60} Assuming arguendo that a claim of immunity could be properly raised, and upon application of the "professional judgment rule" as enunciated by the Ohio Supreme Court in Littleton v. Good SamaritanHospital and Health Ctr., (1988) 39 Ohio St.3d 86, I would find material issues of fact exist as to whether Drs. Patel and Mercy Medical competently treated the decedent prior to involuntary admission, during his hospital stay and subsequent discharge. Dr. John Maltsberger, a board-certified psychiatrist with Harvard credentialing, testified by deposition and affidavit that Tristan Johnson was psychotic and suicidal upon admission to Mercy[1], and although his condition improved during his five day admission, he was still psychotic and suicidal upon discharge. Dr. Maltsberger Dep. p. 28. He stated, "Dr. Kanubhai Patel's decision to discharge Tristan Johnson was based upon faulty and incomplete information that no reasonable psychiatrist would have relied upon." Dr. Maltsberger Affidavit, ¶ 9. He also testified that the negligent actions of appellees directly and proximately caused Tristan's almost *Page 15 
immediate suicide upon discharge from the hospital. Dr. Maltsberger Dep. p. 97-98, 110, 174-184.
 {¶ 61} Construing the evidence most strongly in favor of the non-moving party, as this Court is required to do upon reviewing a motion for summary judgment; reasonable minds could reach different conclusions as to the liability of Drs. Patel and Mercy Medical for the death of Tristan Johnson.
 {¶ 62} Accordingly, I would sustain appellants' assignments of error and remand this matter for trial.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
Costs assessed to Appellants.
[1] Dr. Malsberger's testimony in this regard is further supported by the application for Tristan's involuntary admission under R.C. 5122.10, which stated: "Clt presented to Union Hospital via ambulance. He was found face down on the sidewalk and incoherent. Tristan reported to be non-med complaint. His speech was slow and incoherent. He showed no insight as to his suicide attempt. This is his second trip to ICU w/in 3 days for the same reason. He was reported to have said the word `suicide' several times while sleeping. Tristan stated that he feels worthless." *Page 1