Rogers, Judge,
concurring separately.
{¶ 31} Although I concur in the majority’s decision to reverse and remand the matter, I concur separately because I would reverse the matter on the basis that the issues of whether the college was entitled to sovereign immunity or whether Finn’s claim was barred by res judicata were not properly before the court for determination. An I have previously expressed in my separate concurrence in Miller v. Van Wert Cty. Bd. of Mental Retardation & Dev. Disabilities, 3d Dist. No. 15-08-11, 2009-Ohio-5082, 2009 WL 3068807, I believe it is important to distinguish between a proper Civ.R. 12(B)(6) motion to dismiss and a ruling on sovereign immunity or res judicata, which I believe must always be asserted in a responsive pleading as an affirmative defense.
{¶ 32} Civ.R. 12(B) governs motions to dismiss and provides:
Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following *644 defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1.
{¶ 33} Additionally, Civ.R. 8(C) governs the pleading of affirmative defenses and provides:
In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.
(Emphasis added.) The clear, unambiguous, and unequivocal requirement of this language is that any affirmative defense, such as res judicata, and any defense that constitutes an avoidance of liability, such as sovereign immunity, must be specifically pleaded as an affirmative defense. If it is not properly and affirmatively set forth in a responsive pleading, the defense is waived.
{¶ 34} I further note that the Supreme Court of Ohio has defined an affirmative defense as
a new matter which, assuming the complaint to be true, constitutes a defense to it * * * [and] “any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the ‘confession’) but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the ‘avoidance’).” (Footnote omitted.) 1 Klein, Browne & Mortaugh, Baldwin’s Ohio Civil Practice (1988) 33, T 13.03.
State ex rel. Plain Dealer Publishing Co. v. Cleveland (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187. Logically, because the affirmative defense includes the confession, it is incompatible with the Civ.R. 12(B)(6) defense of failure to state a claim. In fact, it admits that the plaintiff has stated a claim and may be successful on that claim should the opposing party fail to properly plead the affirmative defense. A motion to dismiss pursuant to Civ.R. 12(B)(6) is, therefore, irreconcilable with the confession included in an affirmative defense.
{¶ 35} Like the court in Miller, I believe, the trial court and the majority in this court have ignored the distinction between the “failure to state a claim upon which relief can be granted” and matters “constituting an avoidance or affirmative defense.” See Civ.R. 12(B)(6) and 8(C). In the former, no set of facts proven by the claimant will give rise to a proper claim for relief. In the latter, the plaintiffs allegations will give rise to a claim for relief and liability unless the *645 opposing party can demonstrate some statute or other defense that neutralizes or nullifies the responsibility of that party. See Davis v. Cincinnati (1991), 81 Ohio App.3d 116, 119, 610 N.E.2d 496, quoting Black’s Law Dictionary (5th Ed.1979) 55. This is a substantial difference. Further, the proper methods of presenting these issues are separate and distinct.
{¶ 36} Civ.R. 12(B) specifically provides that certain enumerated defenses may be raised in a motion prior to the filing of a responsive pleading. However, there is no such provision allowing for an affirmative defense to be raised by motion. In fact, Civ.R. 8(C) specifically requires that an affirmative defense must be “set forth affirmatively,” and if it is not affirmatively raised in the pleading, it is waived. Jim’s Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 688 N.E.2d 506 (holding that “[affirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings”).
{¶ 37} The Supreme Court of Ohio has also held that matters designated by Civ.R. 8(C) as affirmative defenses and not specifically enumerated in Civ.R. 12(B) may not be raised by a motion to dismiss under Civ.R. 12(B). State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702. See also Stutes v. Harris, 2d Dist. No. 21753, 2007-Ohio-5163, 2007 WL 2812983, ¶ 10-12, 18-19; Post v. Caycedo, 9th Dist. No. 23769, 2008-Ohio-111, 2008 WL 142449, ¶ 7; Marok v. Ohio State Univ., 10th Dist. No. 07AP-921, 2008-Ohio-3170, 2008 WL 2553055, ¶ 13. Furthermore,' an affirmative defense may not be raised for the first time in a motion for summary judgment. Eulrich v. Weaver Bros. Inc., 165 Ohio App.3d 313, 2005-Ohio-5891, 846 N.E.2d 542, ¶ 12, citing Carmen v. Link (1997), 119 Ohio App.3d 244, 250, 695 N.E.2d 28. See also Kritzwiser v. Bonetzky, 3d Dist. No. 8-07-24, 2008-Ohio-4952, 2008 WL 4378157, ¶ 25; Midstate Educators Credit Union, Inc. v. Werner, 175 Ohio App.3d 288, 2008-Ohio-641, 886 N.E.2d 893, ¶ 11.
{¶ 38} I acknowledge that reported cases exist in which other courts have ignored this distinction and state that an affirmative defense may be the subject of a motion under Civ.R. 12(B)(6) when the circumstances are fully contained in a complaint. See Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878. However, statutes and other relevant circumstances are seldom contained in a complaint. Obviously, if the trial court may consider only the pleadings when ruling on a Civ.R. 12(B)(6) motion to dismiss made prior to the filing of an answer, it does not have before it any affirmative defense. Civ.R. 7(A) defines pleadings, and includes only complaints and answers (and a reply if ordered). A motion is not included in that definition.
{¶ 39} “A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.” State ex rel. *646 Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, “it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.” O’Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint. Estate of Sherman v. Millhon (1995), 104 Ohio App.3d 614, 617, 662 N.E.2d 1098.
{¶ 40} Finally, I would point out that Ohio requires only notice pleading. Plaintiffs are not required to anticipate all possible defenses, let alone affirmative defenses. Consequently, plaintiffs are not required to include in the complaint all circumstances that might negate potential affirmative defenses or to suffer waiver by failure to plead them. For the trial court to consider a Civ.R. 12(B)(6) motion to dismiss on the basis of an alleged affirmative defense that has not been included in a responsive pleading, and to which a plaintiff has not had the opportunity to respond, is improper and highly prejudicial to a plaintiff.
{¶ 41} Here, the trial court considered two affirmative defenses, sovereign immunity and res judicata, which were not asserted in any responsive pleading but were instead asserted in a Civ.R. 12(B)(6) motion that the trial court converted into a motion for summary judgment. I understand that the result in the trial court might be the same had the affirmative defense been properly pleaded and argued; however, that does not negate the fact that the Rules of Civil Procedure specifically prohibit the procedure followed in this case, or the fact that a ruling on an affirmative defense was not ripe for consideration. I reiterate my position that we should not enforce rules only when it is convenient, but that we must enforce rules and statutes consistently, and as written. If we do not, the law becomes amorphous and dependent upon the whims, passions, and prejudices of the trial judge or the reviewing court.