[Cite as *Wemer v. Walker*, 2013-Ohio-2005.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES R. WEMER, ET AL., | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiffs-Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12CA17 |
| JOHN WALKER AKA JOHNNIE WALKER | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Knox  County Court of
                             Common Pleas, Case No. 11PI03-0146

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      May 5, 2013

APPEARANCES:

For Appellants:                    For Appellee:
Robert E. Cesner, Jr.              Bruce A. Curry
456 Haymore Avenue North          Curry, Roby & Mulvey Co., LLC
Worthington, Ohio 43085-2445      8000 Ravine's Edge Court, Ste. 103
                                  Columbus, Ohio 43235

*Baldwin, J.*

{¶1}   Plaintiffs-appellants James R. Wemer and Clara Wemer appeal from the July 24, 2012 Judgment Entry of the Knox County Court of Common Pleas granting the Motion for Summary Judgment filed by appellee John Walker aka Johnnie Walker.

STATEMENT OF THE FACTS AND CASE

{¶2}   On or about May 31, 2010, appellant James Wemer was injured when he was bit by one of two ponies owned by appellee John Walker. Subsequently, on March 11, 2011, appellant and his wife, Clara Wemer, filed a personal injury complaint against appellee in the Knox County Court of Common Pleas. Appellee filed an answer to their complaint on March 31, 2011. Appellee, in his answer, raised the affirmative defenses of comparative negligence, assumption of the risk, and failure to join all necessary and/or indispensible parties and an affirmative defense that he did not know or should not have known of any vicious propensities of the subject ponies.

{¶3}   Appellee, with leave of court, filed a Motion for Summary Judgment on March 20, 2012, arguing that he was immune from liability under Ohio's Equine Activity Liability Act, which is codified at R.C. 2305.321. Appellants filed a memorandum in opposition to appellee's motion. Pursuant to a Judgment Entry filed on July 24, 2012, the trial court granted appellee's motion.

{¶4}   Appellants now raise the following assignments of error on appeal:

{¶5}   "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT. APPELLANTS ARE ENTITLED TO A TRIAL UPON THE MERITS, BECAUSE THE EVIDENCE PRESENTS A JURY QUESTION ON THE ISSUE OF WHETHER THE ACTS OR OMISSIONS OF THE APPELLEE

CONSTITUTE A FORFEITURE OF IMMUNITY UNDER O.R.C. 2305.321(B)(2)(b) AND (d)."

{¶6} "II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLANT'S (SIC) MOTION FOR SUMMARY JUDGMENT UPON THE BASIS THAT THIS DECISION DENIED THEM A SUBSTANTIVE RIGHT TO A REMEDY, AS GUARANTEED IN SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

I, II

{¶7} Appellants, in their two assignments of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment. Appellants, in their first assignment of error, argue that the evidence presents a jury question as to whether or not appellee's acts or omissions constituted a forfeiture of immunity under R.C. 2305.321(B). In their second assignment of error, they contend that the trial court's decision denied them a right to a remedy.

{¶8} As noted by the court in *Supportive Solutions Training Academy L.L.C. v. Electronic Classroom of Tomorrow*, 8th Dist. Nos. 95022, 95287, 2012-Ohio-1185, "Under Civ.R. 8(C), a defendant is required to affirmatively set forth matters that will effectively preclude a finding of liability on the part of the defendant. Failure to raise such defenses in a responsive pleading or motion will constitute a waiver of those defenses. Statutory immunity is an affirmative defense, and if it is not raised in a timely fashion, it is waived. *State ex rel. Koren v. Grogan,* 68 Ohio St.3d 590, 594, 629 N.E.2d 446 (1994), Civ.R. 8(C); Civ.R. 12(H). Further, even if immunity is asserted as an affirmative defense in a defendant's answer, it still must be asserted in the motion for summary judgment. *Leibson v. Ohio Dept. of Mental Retardation & Developmental*

*Disabilities,* 84 Ohio App.3d 751, 761, 618 N.E.2d 232 (8th Dist.1992). However, a summary judgment motion is not the proper format in which to raise an affirmative defense for the first time in a case. *Mossa v. W. Credit Union, Inc.,* 84 Ohio App.3d 177, 181, 616 N.E.2d 571 (10th Dist.1992). Affirmative defenses cannot be asserted for the first time in a motion for summary judgment. *Carmen v. Link* (1997), 119 Ohio App.3d 244, 695 N.E.2d 28." Id at paragraph 24. See also *Brown v. Lincoln Hts.*, 195 Ohio App.3d 149, 2011-Ohio- 3551, 958 N.E.2d 1280 (1st Dist). In *Brown*, the appellant argued  that the trial court had erred in granting the appellee's motion for summary judgment on the issue of recreational-user immunity under R.C. 1533.181. The appellant asserted that the appellee waived the affirmative defense of recreational-user immunity by failing to raise the defense in its answer. The First District Court of Appeals agreed and reversed the trial court's grant of summary judgment on the basis of recreational-user immunity. See also *Eulrich v. Weaver Bros., Inc.*, 165 Ohio App.3d 313, 2005-Ohio-5891, 846 N.E.2d 542 (3rd Dist.).

{¶9}    In the case sub judice, appellee did not raise the affirmative defense of immunity under R.C. 2305.321 in his answer. He, therefore, could not raise such defense for the first time  in his Motion for Summary Judgment. We find, therefore, that the trial court erred in granting appellee's Motion for Summary Judgment.

{¶10} Appellants' first assignment of error is, therefore, sustained. Appellants' second assignment of error is moot.

{¶11} Accordingly, the judgment of the Knox County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.

_____
HON. CRAIG R. BALDWIN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY


CRB/dr

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | |
| JAMES R. WEMER, ET. AL., | : | |
| | : | |
| Plaintiffs-Appellants | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| -vs- | : | |
| | : | Case No.   12CA17 |
| JOHN WALKER AKA JOHNNIE | : | |
| WALKER | : | |
| | : | |
| Defendant - Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Knox County Court of Common Pleas is reversed and this matter is remanded for further proceedings.  Costs assessed to appellee.


_____
HON. CRAIG R. BALDWIN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY