[Cite as *Barack v Belmont Sav. Bank*, 2022-Ohio-678.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

ROGER A. BARACK ET AL.,

Plaintiffs-Appellants,

v.

BELMONT SAVINGS BANK ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0023**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20-CV-0222

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Cory Barack, Barack Law, LLC,* 3201 Belmont Street, Suite 814, Bellaire, Ohio 43906, for Plaintiffs-Appellants and

*Atty. Charles Bean,* Thornburg & Bean, P.O. Box 96, St. Clairsville, Ohio 43950, for Defendants-Appellees.

Dated:
March 2, 2022

**Donofrio, J.**

{¶1}    Plaintiffs-appellants, Roger Barack, Lana Barack, Cody Barack, and Heinlein Properties, Inc., appeal from a Belmont County Common Pleas Court judgment granting summary judgment in favor of defendants-appellees, Belmont Savings Bank, Charles Bean, Mark Bukmir, Todd Cover, Thomas Johnson, David Sullivan, S. Daniel Mumma, and Samuel Vucelich, on appellants' claims for violation of corporate constitution, negligence, dilution of ownership rights, breach of duty of care, breach of duty of loyalty, civil conspiracy, and declaratory judgment.

{¶2}    In all of 2016 and for many years before, Appellants Roger Barack, Lana Barack, and Heinlein Properties, Inc. (Heinlein) were depositors at Appellee Belmont Savings Bank (the Bank).  As depositors, these appellants had voting rights proportional to their deposits.  Roger and Lana are husband and wife. Roger owns Heinlein.  Appellant Cody Barack is Roger and Lana's son.  He became a depositor in late 2016.  The other appellees are the members of the Bank's board of directors.

{¶3}    On October 26, 2016, the Bank held a special meeting (the Meeting).  At the Meeting, the Bank amended its charter and bylaws.  These amendments limited the voting power of depositors such as appellants.  It limited any single depositor to $500,000 worth of votes.  Appellants had previously enjoyed significantly more voting power as they had significantly more funds on deposit with the Bank.

{¶4}    Pursuant to the Bank's constitution, it was to publish notice of the Meeting once a week for three weeks.  The Bank did publish a notice of the Meeting in *The Times Leader*.  But the notice was only published for three days in a row instead of the required three weeks in a row.  The problem was compounded by the fact that a *Times Leader* representative informed the Bank that it had published the notice on October 4, 11, and 18, 2016, which would have been three weeks in a row.  Appellants did not receive notice of the Meeting and did not attend to vote on the amendments.

{¶5}    Appellant Cody Barack subsequently ran for the Board of Directors of the Bank on January 18, 2017.  He lost the election.

{¶6}     Cody subsequently filed a complaint with the Ohio Division of Financial Institutions, which was dismissed on January 30, 2017.

{¶7}     Appellants later filed a complaint against appellees on September 14, 2020, raising claims for violation of corporate constitution; negligence; dilution of ownership rights; breach of duty of care; breach of duty of loyalty; civil conspiracy; and seeking a declaratory judgment that the Meeting was null and void, any votes cast at the Meeting were null and void, and the amendments were null and void.

{¶8}     After answering the complaint, appellees filed a motion for summary judgment.  They argued appellants' claims were barred by the doctrine of laches, barred by R.C. 1101.05 and R.C. 1105.11, the advisory directors were not proper parties, and Cody was not a member of the Bank on the day of the vote.  Appellants filed a response in opposition arguing genuine issues of material fact existed that precluded summary judgment on all claims.

{¶9}     The court held a hearing on the summary judgment motion where it heard arguments from both parties.  It then determined that no genuine issue of material fact existed and appellees were entitled to summary judgment as a matter of law.

{¶10}     Appellants filed a timely notice of appeal on June 7, 2021.  They now raise four assignments of error for our review.

{¶11}     Appellants' first assignment of error states:

THE TRIAL COURT ERRED BY IGNORING THE EXISTENCE OF MATERIAL FACTS THAT ARE GENUINELY IN DISPUTE.

{¶12}     Appellants argue that a genuine issue of material fact exists regarding the notice of the Meeting.  They point to Roger's affidavit that he did not receive notice of the Meeting by any method.  Additionally, they point to *The Times Leader* pages showing the dates the notice was published and the dates it was not published.  Appellants assert the notice ran in the newspaper for three consecutive days, October 4, 5, and 6, 2016.  But they claim Article 5, Section 4 of the Bank's constitution requires such notice to be published once a week for three consecutive weeks.  And they point out there is no evidence that the Bank served notice of the Meeting on any appellant personally.

Because appellees failed to properly provide notice of the Meeting, appellants argue they are entitled to a new meeting and election.

**{¶13}** In response, appellees rely on the affidavit of Sharon Sadlowski from *The Times Leader*. Sadlowski signed an affidavit of publication that the notice ran on October 4, 11, and 18, 2016. (Ex. A to Answers, Responses, and Objections of all Defendants). They also argue that Cody presented this matter to the Department of Financial Institutions, which found it to be without merit. Appellees also conceded at the hearing on this matter that although Sadlowski's affidavit stated the notice ran for three consecutive weeks, it actually did not. (Tr. 5).

**{¶14}** In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶15}** Appellants are correct that Article 5, Section 4 of the Bank's constitution requires notice of meetings to be published once a week for three consecutive weeks. In this case, the notice was instead published on three consecutive days. Roger Barack averred that he did not receive notice of the Meeting by any method. (Barack Aff. ¶ 14).

**{¶16}** The Bank, however, was under the impression that the notice was published in compliance with its constitution. The Bank received from *The Times Leader* an affidavit of publication from Sadlowski that the notice ran on October 4, 11, and 18, 2016. (Ex. A to Answers, Responses, and Objections of all Defendants). Interestingly though, the affidavit was sworn and dated October 6, 2016. Thus, at the time Sadlowski signed the affidavit, she could not have had knowledge that the notice ran on October 11

and 18, 2016, as those dates were still in the future. Neither party nor the court addressed this issue.

{¶17} It is undisputed that the Bank's constitution requires notice once a week for three weeks. It is also undisputed that this did not actually occur despite Sadlowski's affidavit stating otherwise. Moreover, the court did not address the fact that the affidavit relied on by appellees was dated before two of the events could have possibly occurred.

{¶18} The moving party is entitled to summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. This standard was not met here.

{¶19} Accordingly, appellants' first assignment of error has merit and is sustained.

{¶20} Appellants' second assignment of error states:

THE TRIAL COURT ERRED BY WRONGFULLY APPLYING THE DOCTRINE OF LACHES.

{¶21} Here appellants contend the trial court should not have applied the doctrine of laches. They assert their complaint was not simply in equity and point out that they requested attorney fees and costs, interest, and any other relief the court deemed just. (Complaint, p. 14). Moreover, they assert that the special circumstances necessary for laches to bar a claim prior to the expiration of the statute of limitations do not exist here. They assert appellees are required to demonstrate material prejudice, which appellants argue they have not done.

{¶22} Appellees, however, argue that laches was appropriate here. They point out that appellants waited three years and eight months to file this lawsuit without any reason for their delay. Appellees claim they have been prejudiced by the delay since they have been carrying out the Bank's business for that time and relying on the assumption that appellants had accepted the dismissal of their claim by the Ohio Department of Financial Institutions. They assert all Board action was placed in jeopardy by appellants' untimely action.

**{¶23}** To prove the defense of laches one must show: (1) an unreasonable delay or lapse of time in asserting a right; (2) the absence of an excuse for the delay; (3) actual or constructive knowledge of the injury or wrong; and (4) prejudice to the other party. *State ex rel. Meyers v. Columbus*, 71 Ohio St.3d 603, 605, 646 N.E.2d 173 (1995), citing *State ex rel. Cater v. N. Olmsted*, 69 Ohio St.3d 315, 325, 631 N.E.2d 1048 (1994). A court will not infer prejudice from a mere lapse of time. *Id.*, citing *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.*, 71 Ohio St.3d 26, 35, 641 N.E.2d 188 (1994).

**{¶24}** Laches may be asserted before the expiration of the statute of limitations only upon a clear showing of special circumstances. *Thirty-Four Corp. v. Sixty-Seven Corp.*, 15 Ohio St.3d 350, 353, 474 N.E.2d 295 (1984). Those special circumstances require material prejudice to the defending party caused by the delay in bringing the claim. *Id.* at 354. "[L]ength of time alone is not sufficient to constitute a material prejudice." *Kinney v. Mathias*, 10 Ohio St.3d 72, 75, 461 N.E.2d 901 (1984).

**{¶25}** In this case, the Meeting was held on October 25, 2016. Appellants filed their lawsuit on September 14, 2020, almost four years later.

**{¶26}** The second and third elements to prove the defense of laches were clearly met. There is no dispute that appellants had actual knowledge of their injury. And appellants have not given any reason why they waited almost four years to file this lawsuit. Whether that delay was unreasonable though and whether appellees suffered any material prejudice are not as clear.

**{¶27}** Appellants waited nearly four years to file the instant lawsuit. But no evidence was presented as to the reasonableness or unreasonableness of the delay. And the only prejudice appellees asserted was that the Bank carried on its business during the entire time relying on the belief that appellants had accepted the dismissal of their claim by the Ohio Department of Financial Institutions. But whether appellants had accepted the dismissal of their claim or not, the Bank would have to carry on its business. The Bank could not simply halt daily operations if appellants had filed the lawsuit sooner. Thus, it is difficult to see how this can constitute material prejudice. "Absent sufficient assertions or proof of hardship which rises to the required level of prejudice, the doctrine of laches may not be invoked." *Johnson v. Johnson*, 71 Ohio App.3d 713, 717, 595 N.E.2d 388 (11th Dist.1991).

{¶28}   Thus, the trial court erred in relying on the doctrine of laches in granting summary judgment.

{¶29}   Accordingly, appellants' second assignment of error has merit and is sustained.

{¶30}   Appellants' third assignment of error states:

THE TRIAL COURT ERRED BY HOLDING THAT R.C. 1101[.05] AND 1105[.11] LIMITED APPELLANTS' REMEDIES.

{¶31}   In this assignment of error, appellants argue the trial court misinterpreted two statutes.

{¶32}   First, they argue the court erred in agreeing with appellees' argument that a depositor cannot bring a civil action against a bank, nor can the board be held liable for its actions.

{¶33}   R.C. 1101.05(A) provides:

(A) Except as otherwise expressly provided, the provisions of Chapters 1101. to 1127. of the Revised Code and any rules adopted under those chapters:

(1) Are enforceable only by the superintendent of financial institutions, the superintendent's designee, the federal deposit insurance corporation, the federal reserve, or, with respect to Chapter 1127 of the Revised Code, a prosecuting attorney; and

(2) Do not create or provide a private right of action or defense for or on behalf of any party other than the superintendent or the superintendent's designee.

{¶34}   Appellants argue that nothing in this statute states or even implies that no private right of action exists under other applicable law.  Instead, they argue this statute deals only with claims based on Revised Code Chapters 1101 to 1127.

{¶35}   Appellees, however, argue that appellants' complaint should be barred under this statute.  They assert the Bank is chartered pursuant to Revised Code Chapter

1101. They point out that the Bank is owned by its members. Therefore, they contend there are no shareholders and general corporation law does not apply.

**{¶36}** Appellees' argument, however, is in direct contravention to their answer to the complaint. Paragraph 6 of appellants' complaint states: "Defendant Belmont Savings Bank (the "Bank") is an Ohio corporation for profit with its principal place of business located in the State of Ohio, County of Belmont." (Complaint, ¶6). Appellees' answer states: "As and for answer to Paragraph 6, Defendants admit the allegations contained therein." (Answer, ¶6).

**{¶37}** Moreover, a close reading of R.C. 1101.05(A)(1) provides that only certain people (the superintendent of financial institutions, the superintendent's designee, the federal deposit insurance corporation, the federal reserve, or in certain circumstances a prosecuting attorney) can enforce the provisions set out in Revised Code Chapters 1101 to 1127. And R.C. 1101.05(A)(2) provides that Revised Code Chapters 1101 to 1127. do not create or provide for any private actions or defenses for anyone other than the superintendent of financial institutions or the superintendent's designee.

**{¶38}** Nothing else is provided for in these sections. It is reasonable then that a private cause of action may still exist under common law, or possibly corporation law. Appellants' complaint does not state that any of their claims are brought based on Revised Code Chapters 1101 to 1127. Counts Four and Five raise claims under R.C. 1701.59(B) for the breach of the duties of care and loyalty under corporation law. Counts Two and Six are for negligence and civil conspiracy, which are common law claims. Counts One and Three are for violation of corporate constitution and dilution of ownership rights. Neither of these claims are addressed as claims in Revised Code Chapters 1101 to 1127. Thus, the trial court erred in finding that R.C. 1101.05(A) barred appellants' action.

**{¶39}** Second, appellants argue the trial court incorrectly applied R.C. 1105.11(A), which provides:

> A director, officer, employee, or other institution-affiliated party of a bank shall not be personally and individually liable for direct or indirect damages the bank, its shareholders or members, or any other person sustains in consequence of a violation of or failure to comply with any provision of Chapters 1101. to 1127. of the Revised Code or the rules adopted under

Case No. 21 BE 0023

those chapters, including any civil money penalties, unless it can be shown that the director, officer, employee, or other institution-affiliated party knowingly violated or failed to comply with that provision of law or, with respect to a director's liability, that the director knowingly permitted any of the officers, employees, or other institution-affiliated parties to violate or fail to comply with any such provision.

{¶40} Appellants contend this section only means that an individual cannot be liable for a violation of Revised Code Chapters 1101 to 1127. They emphasize that they did not bring any claims pursuant to those Chapters. Moreover, they point out they also sued the Bank, not just the individual board members.

{¶41} But appellees contend under this statute the officers and directors are not personally liable.

{¶42} The meaning of the statute is clear. Individuals cannot be held personally liable for damages sustained by anyone for violations of failing to comply with Revised Code Chapters 1101 to 1127. Nothing in this section suggests that directors cannot be sued for claims that fall outside of the named Revised Code Chapters. Thus, the trial court interpreted this statute too broadly.

{¶43} Finally, appellants argue the trial court should have analyzed their claims under corporation law. They cite to R.C. 1101.02(D), which provides: "[It is] the purpose of the general assembly in enacting Chapters 1101 to 1127. of the Revised Code to: * * * Provide the opportunity for the boards and management of banks to exercise their business judgment, subject to the provisions of Chapters 1101 to 1127 *and 1701* of the Revised Code[.]" (Emphasis added). They point out that Revised Code Chapter 1701 codifies Ohio's general corporation law.

{¶44} As noted above, appellees state that the Bank is owned by its members. Therefore, they argue they are not a corporation, there are no shareholders, and general corporation law does not apply. But as discussed previously, appellees specifically admitted in their answer that the Bank is an Ohio corporation.

{¶45} Accordingly, appellants' third assignment of error has merit and is sustained.

{¶46} Appellants' fourth assignment of error states:

Case No. 21 BE 0023

THE TRIAL COURT ERRED BY HOLDING THAT APPELLANTS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES.

**{¶47}** Finally, appellants argue the trial court should not have found that they exhausted their administrative remedies. Appellants point out that appellees did not raise this as an affirmative defense in their answer but instead raised it for the first time in their summary judgment motion. Thus, they assert appellees waived this defense.

**{¶48}** Alternatively, appellants argue they did, in fact, exhaust their administrative remedies. They state that Cody first sought relief through the ODFI, but his claim was rejected. They note that he received a letter from that office stating that Cody should seek legal counsel to further address his grievance and that the ODFI was closing its file on the claim. (Yarbrough Aff. attachment).

**{¶49}** In reply, appellees argue that because appellants did not file an appeal from the ODFI's decision in the Franklin County Common Pleas Court, they failed to exhaust their administrative remedies. Therefore, they claim appellants are now estopped from challenging the order.

**{¶50}** "The failure to exhaust administrative remedies is an affirmative defense." *Tankersley v. Ohio Fair Plan Underwriting Assn.*, 12th Dist. Clermont No. CA2018-01-003, 2018-Ohio-4386, 116 N.E.3d 157, ¶ 22, citing *Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 462, 674 N.E.2d 1388 (1997). "[I]n order to assert the failure to exhaust administrative remedies as a defense, it must be clearly and expressly pleaded." *Harris v. Ford Motor Co.*, 166 Ohio App.3d 599, 2006-Ohio-259, 852 N.E.2d 750 (2d Dist.), ¶ 22. A defendant is prohibited from asserting an affirmative defense for the first time in a motion for summary judgment. *Eulrich v. Weaver Bros.*, 3d Logan Dist. No. 8-04-35, 165 Ohio App.3d 313, 2005-Ohio-5891, 846 N.E.2d 542, ¶ 12.

**{¶51}** Appellees did not raise the affirmative defense of failure to exhaust administrative remedies until their summary judgment motion. Because they failed to plead this affirmative defense in their answer, they waived it and the trial court erred in granting summary judgment on this basis.

**{¶52}** Accordingly, appellants' fourth assignment of error has merit and is sustained.

**{¶53}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs.

D'Apolito, J., concurs.

[Cite as *Barack v Belmont Sav. Bank*, 2022-Ohio-678.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**