OPINION
{¶ 1} Plaintiff-appellant, Energy Wise Home Improvements, Inc., appeals from a Campbell Municipal Court judgment dismissing its case against defendant-appellee, Douglas Rice.
 {¶ 2} Appellant filed a complaint against appellee in Campbell Municipal Court on March 31, 2004. The complaint alleged that appellant had entered into an agreement with appellee whereby it agreed to perform certain work on appellee's house and provide materials for the job. The agreed price was $1,720. The complaint further alleged that although appellant was prepared and willing to do the work and provide the materials, appellee refused to allow appellant to do so and has refused to pay the money owed to appellant under their agreement. Appellant alleged that it suffered damages of $1,720 as a result of appellee's breach. Appellant attached a copy of the agreement to its complaint.
 {¶ 3} Appellee did not respond to the complaint. So on May 28, 2004, appellant filed a motion for default judgment. The court held a hearing on appellant's motion at which appellee appeared pro se. The court apparently listened to appellee's arguments about what occurred. It subsequently entered a judgment dismissing appellant's complaint. The judgment stated that the court found there was no consideration for the contract.
 {¶ 4} Consequently, appellant filed a timely notice of appeal on July 28, 2004.
 {¶ 5} Initially, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 6} Appellant raises one assignment of error, which states:
 {¶ 7} "The Trial Court erred by dismissing energy wise's complaint at the hearing on energy wise's motion for default Judgment."
 {¶ 8} Appellant argues that the trial court should not have dismissed its complaint. Appellant notes that the parties appeared before the court on its motion for default judgment. It claims that its complaint set out a cause of action for breach of contract that demonstrated all elements of a contract, including consideration. Therefore, the court should not have dismissed it.
 {¶ 9} Additionally, appellant contends that because appellee failed to plead the affirmative defense of lack of consideration, he waived this defense.
 {¶ 10} It seems that the court, at the hearing on a motion for default judgment, either allowed appellee to make an oral motion to dismiss for failure to state a claim or the court proceeded to decide the case on its merits. Either way, the court erred in finding that no consideration existed for the contract.
 {¶ 11} A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that appellant can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in appellant's favor. State ex rel. Seikbert v. Wilkinson (1994),69 Ohio St.3d 489, 490, 633 N.E.2d 1128.
 {¶ 12} Civ.R. 8(A) sets forth requirements for a complaint and provides in pertinent part:
 {¶ 13} "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."
 {¶ 14} When determining whether a complaint states a claim, the court must liberally construe the pleadings. Miller v. Med. EconomicsConsultants Co., Inc., 2d Dist. No. 19177, 2002-Ohio-4972; Civ.R. 8(F).
 {¶ 15} In its complaint, appellant alleged a breach of contract and sought damages of $1,720. To prove the existence of a contract, a party must establish the essential elements of a contract: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) an exchange of consideration; and (5) certainty as to the essential terms of the contract. Juhasz v. Costanzo (2001), 144 Ohio App.3d 756, 762,761 N.E.2d 679.
 {¶ 16} Here, all of these elements are contained in the agreement between the parties, which is attached to appellant's complaint. The agreement details the work to be done, the price to be paid, and when payment should be made. It is signed by both appellant's president and appellee. The agreement constituted an offer, acceptance, a meeting of the minds, and certainty as to the essential terms.
 {¶ 17} The trial court found, however, that the contract failed because there was no consideration. The court erred in this respect. Mutual promises can be consideration for a contract.
 {¶ 18} "`Among the considerations recognized in law as sufficient to support a contract is that of mutual promises, or as sometimes expressed, a promise for a promise. At least, mutual concurrent promises may be consideration for each other. If of a substantial character not open to the charge of illegality, and involving benefit to the promisors respectively, such promises ordinarily afford sufficient consideration for the contract of the parties. A written promise is good consideration for another promise even though not under seal. (Citations omitted.)'"Winterrowd v. Kunkle (Sept. 9, 1994), 2d Dist. No. 1340, quoting 17 Ohio Jurisprudence 3d, 501, Contracts, Section 67.
 {¶ 19} In Jenkins v. Huebner, 3d Dist. No. 15-01-12, 2002-Ohio-698, the court recognized that the promise to build a garage by one party and the promise to pay for the garage by the other party constituted valid consideration for a contract. It noted that each party gained a right to something. One party gained a right to have her garage built and the other party gained a right to be paid.
 {¶ 20} In this case too, the parties exchanged mutual promises. Appellant promised to remove and replace three windows from appellee's home, provide the necessary materials, and clean up the job site. Appellee promised to pay appellant a $500 deposit on October 17, 2003, and to pay the balance upon completion of the job. In other words, the parties exchanged a promise for a promise. Thus, the court erred in finding that there was no consideration for the contract. Therefore, appellant's complaint should not have been dismissed on this basis.
 {¶ 21} Furthermore, failure of consideration is specifically listed as an affirmative defense in Civ.R. 8(C). There are three ways to properly raise an affirmative defense: (1) setting forth the defense in a prepleading motion pursuant to Civ.R. 12(B); (2) affirmatively setting forth the defense in a responsive pleading pursuant to Civ.R. 8(C); or (3) amending one's responsive pleading pursuant to Civ.R. 15 to include such a defense. Spence v. Liberty Twp. Trustees (1996),109 Ohio App.3d 357, 362, 672 N.E.2d 213. A failure to raise an affirmative defense by one of these three methods will result in a waiver of that defense. Id. In this case, appellee failed to file any pleadings, let alone a pleading raising the affirmative defense of failure of consideration. Thus, this defense should have been considered waived.
 {¶ 22} Accordingly, appellant's assignment of error has merit.
 {¶ 23} For the reasons stated above, the trial court's decision is hereby reversed, appellant's complaint is reinstated, and the matter is remanded for further proceedings in accordance with law and consistent with this opinion.
Vukovich, J., concurs. Waite, J., concurs.