[Cite as *Ohio Bur. of Workers' Comp. v. Shaffer*, 2013-Ohio-4570.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ohio Bureau of Workers' Compensation, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-67 |
| v. | : | (C.P.C. No. 12CV-7292) |
| Kristy Shaffer et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on October 15, 2013

*Cooke, Demers & Gleason, LLC, Adam J. Bennett* and *Andrew P. Cooke*, for appellee.

*Isaac, Brant, Ledman & Teetor, LLP, Mark Landes* and *Aaron M. Glasgow*, for appellants.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendants-appellants, Kristy Shaffer and the Franklin County Community Based Correctional Facility ("CBCF"), appeal a judgment of the Franklin County Court of Common Pleas denying their motion for judgment on the pleadings. For the following reasons, we reverse that judgment in part.

{¶ 2} On June 6, 2012, plaintiff-appellee, Ohio Bureau of Workers' Compensation ("BWC"), filed a complaint against defendants. In the complaint, BWC alleged that on November 2, 2009, Shaffer, while in the course and scope of her employment with CBCF, caused a car accident, which injured Mary M. Robinson. Like Shaffer, Robinson was also

working at the time of the accident. Robinson claimed workers' compensation benefits, and BWC paid Robinson $40,253.04 in medical and wage benefits.

{¶ 3} Upon payment to Robinson, BWC was statutorily subrogated to the rights of Robinson against Shaffer and her employer. R.C. 4123.931(A). Pursuant to its statutory subrogation right, BWC asserted claims against Shaffer for negligence and negligence per se. BWC also averred that CBCF was liable for Shaffer's negligence under the doctrine of respondeat superior.

{¶ 4} Defendants answered the complaint. The answer set forth multiple affirmative defenses, including statute of limitations and statutory immunity under R.C. Chapter 2744.

{¶ 5} After answering, defendants moved for judgment on the pleadings pursuant to Civ.R. 12(C). Defendants argued that Shaffer was immune from liability under R.C. 2744.03(A)(6). Defendants also argued that BWC's failure to file its complaint within the two-year statute of limitations set forth in R.C. 2744.04(A) barred BWC's claims against CBCF. In response, BWC contended that R.C. 4123.931(I) exempted BWC's claims from the application of R.C. 2744.03(A)(6) and 2744.04(A). Pursuant to R.C. 4123.931(I):

> The statutory subrogation right of recovery applies to, but is not limited to, all of the following:
>
> * * *
>
> (2) Amounts that a claimant would be entitled to recover from a political subdivision, notwithstanding any limitations contained in Chapter 2744. of the Revised Code[.]

{¶ 6} The trial court agreed with BWC. In a judgment dated January 22, 2013, the trial court denied defendants' motion for judgment on the pleadings.

{¶ 7} Defendants now appeal the January 22, 2013 judgment, and they assign the following errors:

> I. The Trial Court Erred By Finding That R.C. § 4123.931(H) [sic] Completely Exempts BWC From The Operation Of The Substantive Immunities Set Forth In R.C. Chapter 2744.
>
> II. The Trial Court Erred By Failing To Dismiss BWC's Claim Against Appellant Shaffer Pursuant to R.C. 2744.03(A)(6), As BWC's Complaint Alleges Only That Appellant Shaffer Acted Negligently.

> **III. The Trial Court Erred By Failing To Dismiss BWC's Claim Against Appellant CBCF, Which Was Filed After The Expiration of the Statute of Limitations Set Forth in R.C. § 2744.04.**

{¶ 8} Initially, we must consider whether we have jurisdiction over this appeal. Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), appellate courts' jurisdiction extends only to the review of final, appealable orders. Without a final, appealable order, an appellate court has no jurisdiction. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 9.

{¶ 9} Although the parties here have failed to raise the issue of whether the January 22, 2013 judgment is a final, appealable order, we may raise that issue sua sponte. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997); *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.). Moreover, we must sua sponte dismiss any appeal that is not taken from a final, appealable order. *Id.*; *Braelinn Green Condominium Unit Owner's Assn. v. Italia Homes, Inc.*, 10th Dist. No. 09AP-1144, 2010-Ohio-2371, ¶ 6.

{¶ 10} Generally, the denial of a motion for judgment on the pleadings is not a final, appealable order. *Steinbrink v. Greenon Local School Dist.*, 2d Dist. No. 11CA0050, 2012-Ohio-1438, ¶ 16; *Paul C. Harger Trust v. Morrow Cty. Regional Planning Comm.*, 5th Dist. No. 03-CA-19, 2004-Ohio-6643, ¶ 24; *S.O.S. Constr. Industries, Inc. v. Columbus Metro. Hous. Auth.*, 10th Dist. No. 02AP-655, 2003-Ohio-15, ¶ 24. However, "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in [R.C. Chapter 2744] or any other provision of the law is a final order." R.C. 2744.02(C). Pursuant to this provision, "when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell* at ¶ 27. Thus, a denial of a motion for judgment on the pleadings based on R.C. Chapter 2744 immunity is a final, appealable order. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, ___ Ohio St.3d ___, 2013-Ohio-2410, ¶ 14.

{¶ 11} According to *Hubbell*, we must examine the basis of defendants' motion for judgment on the pleadings to determine whether the denial of that motion is a final, appealable order. Defendants' motion presented two distinct arguments: (1) Shaffer was immune from liability under R.C. 2744.03(A)(6); and (2) the two-year statute of limitations barred any claims against CBCF. In ruling against defendants on their first argument, the trial court denied Shaffer the benefit of an alleged immunity. Thus, the trial court's judgment is a final, appealable order under R.C. 2744.02(C) to the extent that it denied Shaffer the relief that she sought.

{¶ 12} Unlike Shaffer, CBCF did not seek the benefit of an alleged immunity in the motion for judgment on the pleadings. It, instead, sought the benefit of the two-year statute of limitations applicable to claims against political subdivisions. R.C. Chapter 2744 immunity and the statute of limitations set forth in R.C. 2744.04(A) both provide political subdivisions with affirmative defenses. *Supportive Solutions, L.L.C.* at ¶ 17 (immunity under R.C. Chapter 2744 is an affirmative defense); *State ex rel. Shemo v. Mayfield Hts.*, 96 Ohio St.3d 379, 2002-Ohio-4905, ¶ 25 (the statute of limitations set forth in R.C. 2744.04(A) is an affirmative defense). However, these affirmative defenses place different burdens of proof on defendants. To prevail on an immunity defense, the political subdivision must successfully negotiate the three-step analysis set forth in R.C. 2744.02(A) and (B) and 2744.03. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, ¶ 8-27. To prevail on a statute of limitations defense, the political subdivision must establish that the plaintiff failed to bring his or her action within the two-year statute of limitations. R.C. 2744.04(A). As these defenses impose different burdens of proof, they are distinct.

{¶ 13} Under R.C. 2744.02(C), only an order that denies a political subdivision "the benefit of an alleged *immunity*" is a final, appealable order. (Emphasis added.) Consequently, an order that denies a political subdivision the benefit of the statute of limitations is not a final, appealable order under R.C. 2744.02(C). *Riscatti v. Prime Properties Ltd. Partnership*, 8th Dist. No. 97270, 2012-Ohio-2921, ¶ 18, *appeal allowed*, 133 Ohio St.3d 1464, 2012-Ohio-5149; *Guenther v. Springfield Twp. Trustees*, 2d Dist. No. 2010-CA-114, 2012-Ohio-203, ¶ 25; *Makowski v. Kohler*, 9th Dist. No. 25219, 2011-Ohio-2382, ¶ 8; *Essman v. Portsmouth*, 4th Dist. No. 08CA3244, 2009-Ohio-3367, ¶ 10.

We thus conclude that the trial court's judgment is not a final, appealable order under R.C. 2744.02(C) to the extent that it denied CBCF the relief that it sought.

{¶ 14} An appeal from an order denying immunity "is limited to the review of alleged errors in the portion of the trial court's decision which denied the political subdivision the benefit of immunity." *Makowski* at ¶ 7; *accord Carter v. Complete Gen. Constr. Co.*, 10th Dist. No. 08AP-309, 2008-Ohio-6308, ¶ 8. Therefore, our review is limited to whether the trial court erred in denying Shaffer judgment on the pleadings as argued in the second assignment of error. We are without jurisdiction to consider whether the trial court erred in denying CBCF judgment on the pleadings as argued in the first and third assignments of error.

{¶ 15} By their second assignment of error, defendants argue that the trial court erred in denying Shaffer the immunity afforded to the employees of political subdivisions under R.C. 2744.03(A)(6). We agree.

{¶ 16} Pursuant to R.C. 2744.03(A)(6), any political subdivision employee is immune from liability unless the employee's actions or omissions are manifestly outside the scope of employment or the employee's official responsibilities; the employee's acts or omissions were malicious, in bad faith, or wanton or reckless; or liability is expressly imposed upon the employee by a section of the Ohio Revised Code. *Rankin*, 118 Ohio St.3d 392, 2008-Ohio-2567, ¶ 36. Here, BWC concedes that none of the R.C. 2744.03(A)(6) exceptions to immunity apply to Shaffer. BWC only argues that R.C. 4123.931(I) permits it to recover against Shaffer despite the immunity afforded to her by R.C. 2744.03(A)(6). We are not persuaded.

{¶ 17} Under R.C. 4123.931(I)(2), BWC's statutory subrogation right to recovery applies to "[a]mounts that a claimant would be entitled to recover from a *political subdivision*, notwithstanding any limitations contained in Chapter 2744. of the Revised Code." (Emphasis added.) By its plain terms, R.C. 4123.931(I) grants a statutory subrogee exemption from the limitations of R.C. Chapter 2744 only when recovery is sought from a political subdivision, not when recovery is sought from an employee of a political subdivision, like Shaffer. A court must apply an unambiguous statute in a manner consistent with the plain meaning of the statutory language; it may not simply add words. *Al Minor & Assoc. v. Martin*, 117 Ohio St.3d 58, 2008-Ohio-292, ¶ 18. We,

therefore, cannot expand R.C. 4123.931(I)(2) to apply to recovery against employees of political subdivisions. Accordingly, we conclude that R.C. 4123.931(I) does not negate Shaffer's immunity defense, and we sustain defendants' second assignment of error.

{¶ 18} For the foregoing reasons, we dismiss defendants' first and third assignments of error, and we sustain defendants' second assignment of error. We reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand this matter to that court for additional proceedings in accordance with law and this decision.

*Judgment reversed in part; cause remanded.*

TYACK and O'GRADY, JJ., concur.

———————————