[Cite as *Brust v. Franklin Cty. Sheriff's Office*, 2017-Ohio-9128.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shawn K. Brust, | : | |
| Plaintiff-Appellant, | : | No. 16AP-881 |
| | | (C.P.C. No. 14CV-13459) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Franklin County Sheriff's Office et al., | : | |
| Defendants-Appellees. | : | |

---

D E C I S I O N

Rendered on December 19, 2017

---

**On brief**: *Shawn K. Brust*, pro se.

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Jeffrey C. Rogers*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1}  This is an appeal by plaintiff-appellant, Shawn K. Brust, from a decision and entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Franklin County Sheriff's Office and Zach Scott, and denying appellant's motion for partial summary judgment.

{¶ 2}  The following background facts, essentially not in dispute, are drawn primarily from the trial court's summary judgment decision filed December 1, 2016.  On August 22, 1997, appellant was arrested and charged in Franklin C.P. No. 97CR-4790 with one count of aggravated murder.  At the time of his arrest, appellant's vehicle and its contents were impounded by appellee, Franklin County Sheriff's Office.  On November 24, 1997, the State of Ohio filed a civil forfeiture action in Franklin C.P. No. 97CV-10411 with

respect to the vehicle, a 1986 Isuzu Trooper.  On December 24, 1997, counsel for appellant filed an answer in the forfeiture action.

{¶ 3}   Following a jury trial in the criminal proceeding, appellant was found not guilty of aggravated murder, but guilty of the lesser-included offense of murder.  The trial court imposed a sentence of 15 years to life on the murder conviction, with an additional three years for a firearm specification.

{¶ 4}   On April 27, 1999, the trial court stayed the civil forfeiture action in case No. 97CV-10411 due to a pending appeal in the criminal case.  On March 10, 2014, the state moved to lift the stay and re-open the case.  On March 11, 2014, the trial court granted the state's motion and lifted the stay.

{¶ 5}   On March 20, 2014, appellant entered a pro se appearance in the forfeiture case after his counsel withdrew from the matter.  On April 28, 2014, appellant requested a continuance of the trial date, which the trial court granted.  Appellant subsequently filed several motions requesting the trial court permit him to make an appearance at trial despite his incarceration.  On June 27, 2014, the state dismissed the forfeiture action.

{¶ 6}   On July 3, 2014, appellant filed a motion in the criminal case (No. 97CR-4790) seeking the return of his vehicle.  On August 13, 2014, he filed a second request in the criminal case for the return of his vehicle and all property inside, including tools.  On September 30, 2014, appellant filed a motion for judgment on the pleadings after the state failed to file a response to his motions.  On October 1, 2014, the trial court in case No. 97CR-4790 granted appellant's motion to return seized property (i.e., the 1986 Isuzu Trooper).  On October 9, 2014, appellant filed a motion in that case requesting the trial court clarify its decision rendered October 1, 2014, on the basis that the court's order made no reference to appellant's tools that were inside the vehicle.  Appellant also requested special damages, interest and compensation as to the unreturned tools, and other property.  On November 3, 2014, the state filed a new appearance in the criminal case (No. 97CR-4790) and filed a memorandum contra appellant's request for special damages or compensation.  On January 14, 2015, the trial court filed an entry denying appellant's motion to clarify the court's decision of October 1, 2014.

{¶ 7}   On December 24, 2014, appellant filed his complaint in the instant action against appellees for "failure to redeliver," raising two claims; specifically, appellant's first claim requested the return of his vehicle, while the second claim requested that appellees

return his personal property, i.e., the tools inside the vehicle, which he alleged had a "reasonable replacement value" around $6,000 to $7,000.

{¶ 8} On January 7, 2015, appellees filed a motion to dismiss for failure to state a claim upon which relief can be granted, asserting appellant abandoned any claim he had to the property through his own neglect. On January 15, 2015, appellant filed a memorandum in opposition to the motion to dismiss. On February 3, 2015, the trial court filed a decision and entry granting appellees' motion to dismiss on the basis appellant failed to comply with R.C. 2969.25(A) (requiring an inmate to file an affidavit listing any prior civil actions or appeals filed in the past five years).

{¶ 9} Appellant filed an appeal from the trial court's decision granting appellees' motion to dismiss. In *Brust v. Franklin Cty. Sheriff's Office,* 10th Dist. No. 15AP-488, 2015-Ohio-5090, this court reversed the judgment of the trial court and remanded for further proceedings. Specifically, this court held that the trial court "erred by converting appellees' motion to dismiss into a motion for summary judgment without notifying the parties." *Id.* at ¶ 1. This court further held the trial court erred in finding appellant "failed to provide an affidavit describing his prior civil actions against government entities or employees." *Id.*

{¶ 10} Following this court's remand, appellant filed with the trial court a "motion to serve supplemental complaint." On January 26, 2016, appellees filed a motion for summary judgment, asserting appellant abandoned any claim he might have exerted on the property through his own neglect. On February 26, 2016, appellant filed a motion for partial summary judgment. On March 1, 2016, appellees filed a memorandum contra appellant's motion for partial summary judgment and renewed request for summary judgment, arguing that appellant's claims were barred by the applicable statute of limitations under R.C. 2305.09 and 2744.04, and that appellees had immunity pursuant to R.C. 2744.02. On March 17, 2016, appellant filed "objections" and a motion to strike appellees' memorandum contra appellant's motion for partial summary judgment and renewed motion for summary judgment.

{¶ 11} By decision and entry filed December 1, 2016, the trial court granted appellees' motion for summary judgment and denied appellant's motion for partial summary judgment. In granting summary judgment in favor of appellees, the trial court determined appellant's first claim was moot based on evidence submitted indicating the

1986 Isuzu Trooper had been returned to him. As to appellant's second claim, seeking the return of personal property (i.e., tools), the trial court determined appellant had failed to bring his claim for recovery of tools within the applicable statute of limitations periods under either R.C. 2305.09 or 2744.04(A). The trial court alternatively found that, even if the claim was not barred by the applicable statute of limitations periods, appellees were immune from liability with respect to the claim pursuant to R.C. 2744.02, as the tools "would have been seized as a governmental or proprietary function of a political subdivision."

{¶ 12} On appeal, appellant sets forth the following five assignments of error for this court's review:

> [I.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY GRANTING THE APPELLEES' "MOTION FOR SUMMARY JUDGMENT" FILED JANUARY 26, 2016, OVER THE OBJECTIONS OF THE APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO STRIKE THE EVIDENTIARY MATERIAL INTRODUCED BY APPELLEES', WHICH IS NOT SPECIFICALLY AUTHORIZTED BY OHIO CIV.R. 56(C) AND OHIO CIV.R. 56(E).

> [II.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DENYING APPELLANT'S "MOTION FOR PARTIAL SUMMARY JUDGMENT," FILED ON FEBRUARY 26, 2016, WHICH CONCERNED LIABILITY ON THE PART OF THE * * * APPELLEES' WHOM ARE LIABLE FOR THEIR FAILURE TO REDELIVER THE BAILED PROPERTY OF THE APPELLANT UPON LEGAL DEMAND, IN WHICH APPELLANT HAS SUFFERED DAMAGES AS A RESULT OF SAID APPELLEES' NEGLIGENCE AND LACK OF DUE CARE REGARDING APPELLANT'S BAILED PROPERTY.

> [III.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S OBJECTIONS AND REQUEST TO STRIKE THE APPELLEES' "MEMORANDUM CONTRA" WHERE THE APPELLEES' HAD A RECIPROCAL BURDEN TO PROPERLY RESPOND TO APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

> [IV.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY

DENYING APPELLANT'S OBJECTIONS AND REQUEST TO STRIKE APPELLEES' "RENEWED REQUEST FOR SUMMARY JUDGMENT," FILED MARCH 1, [2016], WHICH FAILED TO COMPLY WITH OHIO CIV.R. 56(E) AND VIOLATES FRANKLIN COUNTY COMMON PLEAS, LOCAL RULES 57.02; 12.02 AND 21.01.

[V.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY ADOPTING THE APPELLEES' "AFFIRMATIVE DEFENSE" ARGUMENTS, RAISED FOR THE FIRST TIME IN THE APPELLEES' "MEMORANDUM CONTRA TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND RENEWED REQUEST FOR SUMMARY JUDGMENT," FILED MARCH 1, 2016, OVER THE APPELLANT'S OBJECTIONS AND MOTION TO STRIKE, FILED MARCH 17, 2016.

{¶ 13} Appellant's five assignments of error, all raising various challenges to the trial court's decision granting summary judgment in favor of appellees and denying appellant's motion for partial summary judgment, will be addressed jointly. Under these assignments of error, appellant contends the trial court erred in: (1) failing to strike the evidentiary materials introduced by appellees in support of their motion for summary judgment, (2) denying appellant's motion for partial summary judgment, (3) denying appellant's objections and request to strike appellees' memorandum contra appellant's motion for partial summary judgment, and (4) adopting appellees' affirmative defense arguments raised for the first time in their memorandum contra appellant's motion for partial summary judgment and renewed motion for summary judgment.

{¶ 14} Pursuant to Civ.R. 56(C), summary judgment is proper when "(1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party." *Lee v. Cleveland,* 151 Ohio App.3d 581, 2003-Ohio-742 (8th Dist.), ¶ 16. This court's review of a trial court's decision on summary judgment is de novo. *Id.*

{¶ 15} At the outset, we note appellant does not challenge on appeal the trial court's grant of summary judgment in favor of appellees as to the first claim of his complaint, i.e., seeking return of the 1986 Isuzu Trooper. Specifically, appellant

acknowledges in his appellate brief that his "motor vehicle was redelivered on August 12, 2015," and "thus, Claim One of the Appellant's Complaint has been resolved." (Appellant's Brief at 2.)  We further note that appellees, in support of their motion for summary judgment, attached as an exhibit a copy of a letter from an assistant prosecuting attorney addressed to appellant, dated October 31, 2014, representing that the vehicle had been located and was available for pick up from the sheriff's impound lot.  Based on this court's de novo review, we find that no genuine issues of material fact remain with respect to appellant's first claim and, thus, the trial court did not err in granting summary judgment in favor of appellees as to that claim.

{¶ 16} Appellant maintains, however, that his second claim, in which he seeks the return of his personal property (i.e., tools) from the vehicle, has not been resolved; according to appellant, genuine issues of material fact remain as to appellees' liability on that claim.

{¶ 17} As noted under the facts, in granting summary judgment in favor of appellees, the trial court held that appellant failed to bring his claim for recovery of tools within the applicable statute of limitations period under either R.C. 2305.09 or 2744.04(A).  In the alternative, the court found that appellees were immune from liability from appellant's claims under R.C. 2744.02 (establishing governmental immunity for political subdivisions and their employees).

{¶ 18} We initially address appellant's contention, raised under the fifth assignment of error, that the trial court erred in granting summary judgment in favor of appellees by adopting affirmative defenses raised by appellees for the first time in their memorandum contra appellant's motion for partial summary judgment and their renewed request for summary judgment.  We note that appellant raised this argument before the trial court in his objections and motion to strike appellees' renewed request for summary judgment, which he filed on March 17, 2016.

{¶ 19} Civ.R. 8(C) states in part: "In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations, * * * and any other matter constituting an avoidance or affirmative defense."  Under Ohio law, "[t]here are three ways to properly raise an affirmative defense: (1) setting forth the defense in a prepleading motion pursuant to Civ.R. 12(B); (2) affirmatively setting forth the defense in a responsive pleading pursuant to Civ.R. 8(C); or (3) amending one's responsive pleading pursuant to

Civ.R. 15 to include such a defense." *Energy Wise Home Improvements, Inc. v. Rice,* 7th Dist. No. 04-MA-178, 2005-Ohio-2705, ¶ 21. *See also Carmen v. Link,* 119 Ohio App.3d 244, 250 (3d Dist.1997) (an affirmative defense "can be asserted in a pre-pleading Civ.R. 12(B) motion to dismiss, in an Answer, or in an amended or supplemental Answer").

{¶ 20} A statute of limitations defense under either R.C. 2744.04(A) or R.C. 2305.09 is an affirmative defense, as is the defense of political subdivision immunity under R.C. 2744.02. *See, e.g., Ohio Bur. of Workers' Comp. v. Shaffer,* 10th Dist. No. 13AP-67, 2013-Ohio-4570, ¶ 12 ("R.C. Chapter 2744 immunity and the statute of limitations set forth in R.C. 2744.04(A) both provide political subdivisions with affirmative defenses."); *Viock v. Stowe-Woodward Co.,* 13 Ohio App.3d 7, 16 (6th Dist.1983) (statute of limitations bar under R.C. 2305.09 is an affirmative defense); *Main v. Lima,* 3d Dist. No. 1-14-42, 2015-Ohio-2572, ¶ 13 (statutory immunity, including political subdivision immunity under R.C. 2744.02, "is an affirmative defense"); *Oliver v. Wagner,* 9th Dist. No. 2832-M (Dec. 8, 1999) ("Like sovereign immunity * * * the statute of limitations [under R.C. 2744.04(A)] is an affirmative defense that must be affirmatively pled, pursuant to Civ.R. 8(C) and is not subject to being asserted in a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6).").

{¶ 21} Under Ohio law, "a summary judgment motion is not the proper format in which to raise an affirmative defense for the first time in a case." *Wemer v. Walker,* 5th Dist. No. 12CA17, 2013-Ohio-2005, ¶ 8. *See also Midstate Educators Credit Union, Inc. v. Werner,* 175 Ohio App.3d 288, 2008-Ohio-641, ¶ 11 (10th Dist.) ("Ohio law prohibits a defendant from asserting an affirmative defense for the first time in a motion for summary judgment."); *Eulrich v. Weaver Bros.,* 165 Ohio App.3d 313, 2005-Ohio-5891, ¶ 16 (3d Dist.) (reversing trial court's grant of summary judgment in favor of defendant and remanding matter for further proceedings where defendant failed to assert immunity defense in answer, failed to file an amended responsive pleading, and "improperly brought its defense for the first time in a motion for summary judgment").

{¶ 22} In the instant case, in response to appellant's complaint, appellees did not file an answer but, rather, filed a motion to dismiss for failure to state a claim for relief, asserting the defense of abandonment. As noted under the facts, this court reversed the trial court's decision granting appellees' motion to dismiss and remanded the matter to the trial court. Following this court's remand, appellees filed a motion for summary

judgment, again raising the issue of abandonment, and appellant subsequently filed his motion for partial summary judgment. A review of the record indicates that appellees first raised the issue as to the applicability of the statute of limitations under R.C. 2744.04 and 2305.09, and the defense of governmental immunity under R.C. 2744.02 in their response to appellant's motion for partial summary judgment and renewed request for summary judgment, filed by appellees on March 1, 2016.

{¶ 23} As previously indicated, "[t]here are only three methods to assert an affirmative defense: a pre-pleading Civ.R. 12(B) motion to dismiss, a responsive pleading filed under Civ.R. 8(C), or by amendment pursuant to Civ.R. 15." *Eulrich* at ¶ 13. Here, appellees did not raise the affirmative defenses of statute of limitations and/or political subdivision immunity by way of an answer,[1] or by any of the other methods permitted by law; instead, as discussed above, appellees first raised these affirmative defenses in their renewed request for summary judgment and memorandum contra appellant's motion for partial summary judgment. Because appellees did not properly raise the affirmative defenses at issue, the trial court erred in relying on those defenses as the basis for rendering summary judgment in favor of appellees. *See, e.g., Nationstar Mtge., LLC v. Young,* 9th Dist. No. 28134, 2016-Ohio-8287, ¶ 23 (where defendants never asserted affirmative defense in a responsive pleading, and instead raised it for first time in motion for summary judgment, trial court "erred when it allowed them to assert the defense and awarded them summary judgment").

{¶ 24} We note that, while appellees assert the trial court properly granted summary judgment on the basis of the applicable statute of limitations and/or political subdivision immunity, appellees' brief does not specifically address appellant's claim that the trial court rendered its decision based on affirmative defenses raised for the first time by appellees in their renewed request for summary judgment. Appellees allude to the fact that the trial court "relied only partially upon [their] arguments" in granting summary judgment, and appellees summarily argue in the conclusion section of their appellate brief that the property at issue was "clearly abandoned." (Appellees' Brief at 9, 11.) However, while appellees raised the defense of abandonment in their motion to dismiss, and argued the issue of abandonment in their motion for summary judgment, the trial court did not

---

[1] Nor does the record indicate that appellees have ever requested leave to file an answer out of rule.

address (nor decide) that issue in rendering summary judgment in favor of appellees; rather, the trial court granted summary judgment in their favor based on application of the statute of limitations and/or, alternatively, the affirmative defense of governmental immunity. Accordingly, we sustain appellant's fifth assignment of error and conclude this matter must be remanded to the trial court for further proceedings with respect to the issues raised under appellant's second claim.

{¶ 25} Under his second assignment of error, appellant argues the trial court erred in failing to thoroughly examine all appropriate materials before ruling on his motion for partial summary judgment. Appellant further contends the trial court, in denying his motion for partial summary judgment, focused primarily on issues related to his motion for leave to file a supplemental complaint rather than the merits of his claim that appellees were liable for the return of his property. To the extent the trial court's denial of appellant's motion for partial summary judgment involved the court's application of the affirmative defenses of statute of limitations and/or political subdivision immunity, we sustain the second assignment of error. However, in light of our determination that this matter must be remanded for further proceedings, the remaining arguments raised by appellant under his second assignment of error are rendered moot. Similarly, based on our disposition of the fifth assignment of error (and remand of this matter to the trial court for further consideration of appellant's second claim), the issues raised by appellant under his first, third, and fourth assignments of error are rendered moot.

{¶ 26} Accordingly, appellant's fifth assignment of error is sustained, the second assignment of error is sustained in part and rendered moot in part, and the first, third, and fourth assignments of error are rendered moot. Based on the foregoing, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____