[Cite as *Albright v. Eagles Nest Outfitters, Inc.*, 2020-Ohio-3046.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Peter Albright et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | |
| Eagles Nest Outfitters, Inc., | : | No. 19AP-746 |
| Defendant-Appellee, | : | (C.P.C. No. 18CV-02-1251) |
| and | : | (REGULAR CALENDAR) |
| Board of Education of the Dublin City School District, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on May 21, 2020

**On brief:** *Allen Stovall Neuman Fisher & Ashton LLP*, *Todd H. Neuman*, and *Jeffrey R. Corcoran*, for appellees Tim Albright, Cara Albright, and Peter Albright.

**On brief:** *Raymond H. Decker, Jr.*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Board of Education of the Dublin City School District, appeals from the decision and entry of the Franklin County Court of Common Pleas denying its motion for summary judgment. For the reasons that follow, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}    In summer 2017, plaintiff-appellee Peter Albright was a rising sophomore at Dublin Jerome High School in Dublin, Ohio.  The morning of June 19, 2017, appellee exchanged text messages with friends to see if anyone wanted to go enoing that afternoon.  "Enoing" or "hammocking" is an activity where the participants set up hammocks and socialize.  The group ultimately decided to go enoing in the wooded area behind Dublin Jerome High School ("wooded area").

{¶ 3}    The wooded area is part of the Dublin Jerome High School property and is largely left undeveloped.  In 2015, a bridge was constructed to facilitate access to the wooded area.  In 2017, a walking path was expanded in the woods for use as a cross-country trail.  Science teachers have regularly taken students in the wooded area as a part of classroom activities.  Through the course of discovery, it was determined that at least some of the school board members and officials were aware of students enoing in the wooded area.

{¶ 4}    On June 19, 2017, appellee set up his hammock in what he considered a dense area of the woods.  At some point, more friends arrived, and one individual hooked his hammock onto the same tree as appellee.  The individual was in the hammock for only a few moments when the tree collapsed.  Appellee was struck by the tree causing severe injury to appellee's back.  Appellee was later transported to the hospital by ambulance and diagnosed with six broken bones in his vertebra.

{¶ 5}    On February 8, 2018, appellees filed a complaint against appellant and Eagles Nest Outfitters, the manufacturer of the hammock.  Appellant filed an answer with the trial court on December 5, 2018.[1]  In its answer, appellant failed to include governmental or recreational immunity as an affirmative defense.  On July 9, 2019, appellant filed a motion for summary judgment asserting governmental immunity under R.C. 2744.02 and recreational immunity under R.C. 1533.181.  On August 6, 2019, appellees filed a memorandum contra arguing that appellant failed to assert governmental or recreational immunity in its answer and therefore waived the affirmative defense.  Appellee noted the word "immunity" is not even used in the answer.  (Aug. 6, 2019 Appellee's Memo. Contra

---

[1] Appellant argues that its answer was filed in March 2018 as evidenced by the certificate of service dated March 8, 2018.  Appellant contends that the answer was not docketed correctly due to a clerical error.

at 8.)  Appellees argued in the alternative that if appellant was able to assert the defense, it was not entitled to immunity under either statute.  A reply brief was filed on August 13, 2019.  On September 4, 2019, Eagles Nest was dismissed with prejudice from this action.

{¶ 6}  On October 2, 2019, the trial court issued its decision and entry denying appellant's motion for summary judgment.  The trial court did not address whether appellant waived its right to assert immunity as a defense but concluded appellant was not entitled to governmental immunity.  The trial court reasoned "the construction and layout of school grounds, choosing to leave a wooded area on the property and choosing to use it for education and sports activities, was a discretionary choice.  The choice not to remove potentially hazardous trees from the woods was a maintenance decision and does not rise to the level required for immunity."  (Oct. 2, 2019 Decision & Entry at 7.)

{¶ 7}  Appellant filed a timely appeal to this court.

## II. ASSIGNMENTS OF ERROR

{¶ 8}  Appellant assigns the following as trial court error:

> [1.] The Trial Court Erred When it Denied Appellant's Motion for Summary Judgment relative to Governmental Immunity.
>
> [2.] The Trial Court Erred When it Failed to Address Appellant's Claim for Recreational Immunity in any regard.

## III. STANDARD OF REVIEW

{¶ 9}  Appellate review of summary judgment is de novo.  *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12, citing *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935, ¶ 5.  "When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination."  *Gabriel* at ¶ 12, citing *Byrd* at ¶ 5, citing *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992).

{¶ 10}  Pursuant to Civ.R. 56(C), summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party.  *Harless v. Willis Day Warehousing*

*Co.*, 54 Ohio St.2d 64, 66 (1978). "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Dresher* at 293.

## IV. LEGAL ANALYSIS

{¶ 11} For clarity of discussion, we will address appellant's first and second assignments of error together. Appellant argues the trial court erred in denying it governmental immunity under R.C. 2744.02 and failed to consider whether appellant was entitled to recreational immunity under R.C. 1533.181. Ordinarily, this court would review properly preserved assignments of error considering whether appellant was entitled to immunity under a de novo standard of review. Before undertaking a statutory immunity analysis, however, we must examine the record to determine whether appellant preserved immunity as an affirmative defense. For the foregoing reasons, we find that appellant waived its right to assert either governmental or recreational immunity.

{¶ 12} "Under Ohio law, '[t]here are three ways to properly raise an affirmative defense: (1) setting forth the defense in a prepleading motion pursuant to Civ.R. 12(B); (2) affirmatively setting forth the defense in a responsive pleading pursuant to Civ.R. 8(C); or (3) amending one's responsive pleading pursuant to Civ.R. 15 to include such a defense.' " *Brust v. Franklin Cty. Sheriff's Office*, 10th Dist. No. 16AP-881, 2017-Ohio-9128, ¶ 19, quoting *Energy Wise Home Improvements, Inc. v. Rice*, 7th Dist. No. 04-MA-178, 2005-Ohio-2705, ¶ 21.

{¶ 13} This court has previously found that governmental immunity under R.C. 2744 provides a political subdivision with an affirmative defense. *Ohio Bur. of Workers' Comp. v. Shaffer*, 10th Dist. No. 13AP-67, 2013-Ohio-4570, ¶ 12. Similarly, a political subdivision may assert recreational user immunity under R.C. 1533.181 as an affirmative defense. *Brown v. Village of Lincoln Hts.*, 95 Ohio App.3d 149, 2011-Ohio-3551, ¶ 10 (1st Dist.). The Supreme Court of Ohio has held that if a political subdivision fails to timely

raise an affirmative defense, such as statutory immunity, the defense is waived. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 19, citing *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 97-98 (1999).

{¶ 14} Ohio courts have regularly found that failure to timely raise immunity as an affirmative defense constitutes waiver of the defense. *See, e.g., Brown* at ¶ 10 ("failure to timely raise an affirmative defense, other than those listed in Civ.R. 12(B), either in the answer or by amendment under Civ.R. 15 results in a waiver of the defense"); *Eulrich v. Weaver Bros.*, 3d Dist. No. 8-04-35, 2005-Ohio-5891, ¶ 13 (finding that the defendant waived the affirmative defense of immunity by failing to plead the defense in its answer or amended pleadings); *Spence v. Liberty Twp. Trustees*, 109 Ohio App.3d 357, 360 (4th Dist.1996) (finding immunity under the statute was an affirmative defense that must be pleaded or risk waiver of the defense); *Reed v. Multi-Cty. Juvenile Sys.*, 7th Dist. No. 09 CO 27, 2010-Ohio-6602, ¶ 94 (concluding that employees were not entitled to summary judgment having waived the defense of immunity by failing to raise it in their answer or amended answer); *Jontony v. Colegrove*, 8th Dist. No. 98295, 2012-Ohio-5846, ¶ 16, 29 (affirming the decision of the trial court to deny the city leave to amend its answer to assert immunity under R.C. 2744 reasoning a political subdivision should timely raise its immunity defense to allow other litigants to devote its resources in litigating a case that is potentially precluded by immunity); *Carswell v. Akron*, 9th Dist. No. 29321, 2019-Ohio-4444, ¶ 13 (finding statutory immunity, including political subdivision immunity, is an affirmative defense and must be asserted in a responsive pleading); *Mossa v. W. Credit Union, Inc.*, 84 Ohio App.3d 177, 181 (10th Dist.1992) (stating a political subdivision waives its statutory immunity defense if it fails to timely raise the defense).

{¶ 15} The General Assembly intended the issue of immunity be resolved in the early stages of the case in order to preserve resources for litigants:

> "[D]etermination of whether a political subdivision is immune from liability is usually pivotal to the ultimate outcome of a lawsuit. Early resolution of the issue of whether a political subdivision is immune from liability pursuant to R.C. Chapter 2744 is beneficial to both of the parties. If the appellate court holds that the political subdivision is immune, the litigation can come to an early end, with the same outcome that otherwise would have been reached only after trial, resulting in a savings to all parties of costs and attorney fees.

Alternatively, if the appellate court holds that immunity does *not* apply, that early finding will encourage the political subdivision to settle promptly with the victim rather than pursue a lengthy trial and appeals. Under either scenario, both the plaintiff and the political subdivision may save the time, effort, and expense of a trial and appeal, which could take years.

"* * * As the General Assembly envisioned, the determination of immunity could be made prior to investing the time, effort, and expense of the courts, attorneys, parties, and witnesses pursuant to amendments made to R.C. 2744.02(C) and 2501.02."

(Emphasis sic.) *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 25-26, quoting *Burger v. Cleveland Hts.*, 87 Ohio St.3d 188, 199-200 (1999) (Lundberg Stratton, J., dissenting).

{¶ 16} In the instant case, appellant has failed to assert either governmental or recreational immunity as an affirmative defense in a prepleading motion to dismiss under Civ.R. 12(B), a responsive pleading filed under Civ.R. 8(C), or by amendment under Civ.R. 15. Appellant raised immunity as a defense for the first time in its motion for summary judgment. It is well established that an affirmative defense raised for the first time on summary judgment is improper. *Brust* at ¶ 21; *Midstate Educators Credit Union, Inc. v. Werner*, 10th Dist. No. 07AP-301, 2008-Ohio-641, ¶ 11 ("Ohio law prohibits a defendant from asserting an affirmative defense for the first time in a motion for summary judgment."). Because appellant has failed to timely assert immunity as an affirmative defense, the defense is waived. *Supportive Solutions* at ¶ 19.

{¶ 17} Appellant argues it has not waived political subdivision immunity because "defendants may wait to assert political subdivision status until [a] post-trial hearing." (Appellant's Reply Brief at 2.) Appellant cites *Jones v. MetroHealth Med. Ctr.*, 8th Dist. No. 102916, 2017-Ohio-7329, to support its position that immunity can be resolved during a post-trial proceeding.

{¶ 18} Appellant's reliance on *Jones* is misguided. In *Jones,* the Eighth District Court of Appeals considered in part whether the trial court erred in holding a post-trial hearing to determine the statutory offset, and the collateral source rule applies to a political subdivision. The *Jones* court upheld the constitutionality of statutory cap on noneconomic damages against political subdivisions and that the trial court did not err in conducting a

post-trial hearing to determine the political subdivision's right to statutory offset under R.C. 2744.05.

{¶ 19} *Jones* is distinct from the present case as it does not concern whether a political subdivision is immune from liability but the application of a political subdivision's right to a statutory offset. "When a political subdivision is found liable to pay damages caused by any injury resulting from an act or omission in connection with a governmental or proprietary function, R.C. 2744.05(B)(1) permits the court to offset from those damages future collateral benefits received by the claimant." *Id.* at ¶ 24. Concluding that *Jones* stands for the proposition that a political subdivision may assert governmental or recreational immunity for the first time during a post-trial proceeding to avoid liability would contradict well-established precedent across Ohio. Considering all the above, we find appellant's argument unpersuasive.

{¶ 20} Because appellant waived its right to assert governmental or recreational immunity, we agree with the trial court's denial of appellant's motion for summary judgment, albeit on other grounds. *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990) ("a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof"); *O'Neal v. State*, 10th Dist. No. 19AP-260, 2020-Ohio-506, ¶ 20 (an appellate court must affirm the trial court's judgment if correct on other grounds). As such, we decline to resolve whether the trial court was ultimately correct in concluding appellant was not entitled to statutory immunity. We find the trial court did not err when it denied appellant's motion for summary judgment regarding governmental or recreational immunity because appellant waived both theories of statutory immunity by failing to timely assert either defense.

{¶ 21} Accordingly, appellant's first and second assignments of error are overruled.

**V. CONCLUSION**

{¶ 22} Having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas on other grounds.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____